UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ONEIL KEVIN BARRETT,<br><br>                              Defendant. | Case No.:  16-cr-1831-BEN<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 44]** |

Movant, through counsel, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Oneil Barrett's motion for release focuses on his chronic asthma and hypertension and the risk of severe illness if infected by Covid-19.  He seeks immediate release to home confinement.  He has exhausted his administrative remedies.

It is recognized that there is no applicable policy statement currently governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  It is also recognized that a court's discretion may be informed by U.S.S.G. § 1B1.13, but that it is not binding, and courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Barrett pleaded guilty and was convicted of drug trafficking cocaine and methamphetamine and sentenced to 144 months in custody.  As part of his plea agreement, Barrett agreed to forfeiture of three firearms: (1) one black and red assault rifle bearing no serial number; (2) one Smith & Wesson Highpoint Model JCP .40 handgun bearing no serial number, and (3) one Mossberg Model 500 12-gauge shotgun

1

with a sawed off 15" barrel.[1]  Today, Barrett has served approximately 50 percent of his sentence.

Barrett is serving his sentence at FCI Safford, Arizona.  Barrett has received two doses of the Covid-19 vaccine and contracted and recovered from a Covid-19 infection (in December 2021).  While Barrett tells of 70-100 inmate Covid-19 cases at FCI Stafford in an email to counsel on February 8, 2022 (Dkt. 44-2, at 145), according to the Bureau of Prisons' Covid-19 cases statistics,[2] FCI Safford *currently* has zero confirmed cases among inmates and one confirmed case among staff.

As a general proposition, recent decisions from other courts around the country have found that "given the significant efficacy of the vaccinations, [] the risk of contracting COVID-19 in a prison setting is no longer grounds for a sentence reduction, even for inmates who suffer from medical conditions." *United States v. Woodberry*, No. 2:18-cr-49-RAJ, 2022 U.S. Dist. LEXIS 98049, at *6-7 (W.D. Wash. June 1, 2022). Barrett's receipt of the vaccination and his own Covid-19 post-infection antibodies diminish his arguments about his vulnerability to Covid-19.  He says he is terrified of being re-infected, however, fear is not enough to justify early release.  "While concerns about contracting the virus are certainly understandable, 'general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.'" *Id*. at 7.

Concerning Barrett's chronic asthma, the Court has reviewed his submitted medical records.  These records certainly reflect that he suffers from episodes of asthma.

---

[1] According to the Government's Sentencing Memorandum (dated April 3, 2017): "While three firearms and three magazines were seized from Defendant's house, there is no evidence that Defendant ever actually used the firearms to commit the drug trafficking crimes."  Each of these firearms, however, are unlawful to possess under California state law.

[2] Fed. Bureau of Prisons, *Covid-19 Coronavirus: Covid-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 9, 2022).

The asthma condition does not appear to be severe, however, as medical records from mid-2021 indicate his blood oxygen saturation to be no less than 95% and as high as 97% (on May 27 and June 29, 2021). While incarcerated, he continues to be prescribed an albuterol inhaler for regular use and a backup emergency inhaler. In other words, his asthma is being treated and managed. Though he has a serious chronic condition, chronic medical conditions alone do not constitute extraordinary and compelling circumstances. *United States v. Miller*, No. 15cr471-CRB-1, 2021 U.S. Dist. LEXIS 123594, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021) (declining compassionate release); *United States v. Briggs*, No. 2:07cr2063-LRS-1, 2022 U.S. Dist. LEXIS 63395, at *8-9 (E.D. Wash. Apr. 5, 2022) (declining compassionate release because inmate's condition with asthma while prescribed albuterol inhaler as needed before daily exercise and with no medical diagnosis of "long Covid" or extreme respiratory symptoms does not rise to the level of extraordinary and compelling); *United States v. Gorion*, No. 15-0519 JMS, 2022 U.S. Dist. LEXIS 52466, at *12-14 (D. Haw. Mar. 23, 2022) (declining compassionate release where defendant diagnosed with asthma, but not clear his condition is "moderate to severe" as records indicate condition is "well controlled with albuterol" and that his inhaler prescription renewed).

Barrett also suffers from essential hypertension. His records indicate high systolic blood pressure readings of 134, 152, and 145 in December 2021, with the highest systolic reading of 157 on June 29, 2021. Prison medical staff doubled Barrett's dose of amlodipine from 5mg per day to 10mg per day (in December 2021) in an effort to better control his hypertension. Nevertheless, Barrett's hypertension is not so severe as to be extraordinary and compelling. *See United States v. Polley*, No. 17cr2758-JAH, 2022 U.S. Dist. LEXIS 90765, at *10 (S.D. Cal. May 19, 2022) ("Ordinary hypertension, unlike pulmonary hypertension, is not generally recognized as a basis for compassionate release in this district."); *United States v. Ocon*, 2020 U.S. Dist. LEXIS 157900, 2020 WL 5106667 at *3 (S.D. Cal. Aug. 31, 2020) (denying compassionate release motion pre-vaccine for 50-year-old inmate with hypertension and other medical conditions); *United*

*States v. Vignoni*, No. 18cr1352, 2021 U.S. Dist. LEXIS 17618 at *3 (S.D. Cal. Jan. 29, 2021) ("Ordinary hypertension (high blood pressure) is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19."). Here, because Barrett suffers from ordinary or essential hypertension, it does not rise to the level of extraordinary and compelling.

Apart from his medical conditions, his rehabilitation efforts and the factors described in 18 U.S.C. § 3553(a) have been considered. Barrett's good behavior and rehabilitation efforts while incarcerated are commendable and weigh in favor of release. On the other hand, reducing his sentence by one-half would tend to diminish the seriousness of his offense, and reduce the deterrence effect for future criminal conduct. *See, e.g., United States v. Tuitele*, No. CR 13-0593 JMS, 2020 U.S. Dist. LEXIS 157584, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2). And this conclusion would not change when considering Defendant's post-offense conduct."). Moreover, Barrett trafficked drugs using the United States Postal Service, which is a technique that could be employed even while serving time in home confinement. On the whole, the § 3553(a) factors counsel against compassionate release. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (although a district court must perform the sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step).

Because Movant does not meet the heavy burden of demonstrating extraordinary and compelling reasons, and the § 3553(a) factors weigh against release at this time, the motion is denied.

Date: June 9, 2022

_____
HON. ROGER T. BENITEZ
United States District Judge